UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN ROY, on behalf of herself and all others similarly situated,

                        Plaintiff,

v.

ESL FEDERAL CREDIT UNION,

                        Defendant.

Civil Action No. 19-cv-6122 (FPG)

**CLASS ACTION**

---

## DEFENDANT ESL FEDERAL CREDIT UNION'S ANSWER TO PLAINTIFF SUSAN ROY'S CLASS ACTION COMPLAINT

Defendant ESL Federal Credit Union ("ESL"), by its attorneys Katten Muchin Rosenman LLP (*pro hac vice* to be filed) and Nixon Peabody LLP, and as and for its answer and affirmative defenses to the complaint of plaintiff Susan Roy ("Plaintiff"), hereby admits, denies, and alleges to the Court as follows:

1. ESL admits that Plaintiff purports to bring a civil action seeking monetary damages, restitution, and declaratory relief, but denies that Plaintiff is entitled to such relief. ESL denies the remaining allegations in Paragraph 1 of the Complaint.

2. ESL admits that Plaintiff purports to bring this action as a class action and that she purports to allege claims in her own right and as a class representative of others similarly situated. ESL denies the remaining allegations in Paragraph 2 of the Complaint.

3. ESL denies the allegations in Paragraph 3 of the Complaint.

4. ESL denies the allegations in Paragraph 4 of the Complaint.

5. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and on that basis denies the allegations therein.

6. ESL admits that Plaintiff purports to bring this action as a class action and that she purports to allege claims in her own right and as a class representative of others similarly situated. ESL further admits Plaintiff purports to seek damages, restitution, and injunctive relief, but denies that she is entitled to such relief. Except as expressly admitted, ESL denies the remaining allegations in Paragraph 6 of the Complaint.

## JURISDICTION

7. ESL admits to statutory subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). Except as expressly admitted, ESL denies the remaining allegations in Paragraph 7 of the Complaint.

8. ESL admits the Court currently has personal jurisdiction over it with respect to this action as alleged in Paragraph 8 of the Complaint. ESL further admits venue is proper.

## CLASS ACTION ALLEGATIONS

9. Paragraph 9 calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

10. ESL admits that the Complaint proposes two potential classes, and denies the remaining allegations in Paragraph 10 of the Complaint.

11. This paragraph has no facts to admit or deny. To the extent a response is required, ESL denies the allegations in Paragraph 11 of the Complaint.

12. ESL admits that the Complaint purports to exclude from the proposed classes the noted exclusions as alleged in Paragraph 12 of the Complaint, but denies knowledge or information sufficient to form a belief as to whether this is a proper case for class action status, and accordingly denies the same and puts Plaintiff(s) to her (their) strict proof thereon.

13. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 13 of the Complaint.

14. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 14 of the Complaint.

15. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16, including its subparts, calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

17. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph. ESL also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and on that basis denies the allegations.

18. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 18 of the Complaint.

19. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 19 of the Complaint.

**PARTIES**

20. ESL admits that Plaintiff has or had a checking account with ESL. As to the remaining allegations in Paragraph 20 of the Complaint, ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

21. ESL admits that it is a credit union headquartered in Rochester, New York. It further admits that it has approximately $6.2 billion in assets and has branches located in New York. Except as expressly admitted, ESL lacks information to admit or deny, and on that basis denies the allegations in Paragraph 21 of the Complaint.

22. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and on that basis denies the allegations.

23. ESL admits that one or more of its members resides in a state other than New York. Except as expressly admitted, ESL lacks information to admit or deny, and on that basis denies the allegations in Paragraph 23 of the Complaint.

24. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and on that basis denies the allegations.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

**A.  Examples of ESL's Imposition of RI Fees on Ms. Roy**

25. ESL denies the allegations in Paragraph 25 of the Complaint.

26. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and on that basis denies the allegations.

27. ESL denies the allegations in Paragraph 27 of the Complaint.

28. ESL denies the allegations in Paragraph 28 of the Complaint.

29. ESL denies the allegations in Paragraph 29 of the Complaint.

30. ESL denies the allegations in Paragraph 30 of the Complaint.

31. ESL denies the allegations in Paragraph 31 of the Complaint.

32. ESL denies the allegations in Paragraph 32 of the Complaint.

33. ESL denies the allegations in Paragraph 33 of the Complaint.

34. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph with respect to Plaintiff's state of mind and on that basis denies the allegations.  ESL denies the remaining allegations in Paragraph 34 of the Complaint.

B.  **The Fee Schedule States ESL Will Be Charge $10 for Returned Items, Not $37**

    35.    ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and on that basis denies the allegations.  ESL further notes that no was exhibit attached to the Complaint.

    36.    ESL denies the allegations in Paragraph 36 of the Complaint.

    37.    ESL denies the allegations in Paragraph 37 of the Complaint.

    38.    ESL denies the allegations in Paragraph 38 of the Complaint.

C.  **ESL May Not Charge More Than One RI Fee Per Item**

    39.    ESL denies the allegations in Paragraph 39 of the Complaint.

    40.    ESL denies the allegations in Paragraph 40 of the Complaint.

    41.    ESL denies the allegations in Paragraph 41 of the Complaint.

    42.    ESL denies the allegations in Paragraph 42 of the Complaint.

    43.    ESL denies the allegations in Paragraph 43 of the Complaint.

    44.    ESL denies the allegations in Paragraph 44 of the Complaint.

    45.    ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint and on that basis denies the allegations.

    46.    ESL denies the allegations in Paragraph 46 of the Complaint.

    47.    ESL denies the allegations in Paragraph 47 of the Complaint.

    48.    ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint and on that basis denies the allegations.

    49.    ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint and on that basis denies the allegations.

    50.    ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint and on that basis denies the allegations.

51. ESL denies the allegations in Paragraph 51 of the Complaint.

**D.     ESL Abuses Its Discretion**

52. ESL denies the allegations in Paragraph 52 of the Complaint.

53. ESL denies the allegations in Paragraph 53 of the Complaint.

54. ESL denies the allegations in Paragraph 54 of the Complaint.

55. ESL denies the allegations in Paragraph 55 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiff and the Classes)**

56. ESL repeats, re-alleges, and incorporates herein reference to its answers to paragraphs 1 through 55 above.

57. The first sentence of Paragraph 57 of the Complaint calls for a legal conclusion to which no response is required. ESL denies the remaining allegations.

58. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 58 of the Complaint.

59. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 59 of the Complaint.

60. ESL denies the allegations in Paragraph 60 of the Complaint.

61. ESL denies the allegations in Paragraph 61 of the Complaint.

62. ESL denies the allegations in Paragraph 62 of the Complaint.

63. ESL denies the allegations in Paragraph 63 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Violations of New York Consumer Protection Laws**
**(On Behalf of Plaintiff and the New York Subclass)**

64. ESL repeats, re-alleges, and incorporates herein reference to its answers to paragraphs 1 through 63 above.

65. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in Paragraph 65 of the Complaint.

66. ESL denies the allegations in Paragraph 66 of the Complaint.

67. ESL denies the allegations in Paragraph 67 of the Complaint.

68. ESL denies the allegations in Paragraph 68 of the Complaint.

69. ESL denies the allegations in Paragraph 69 of the Complaint.

70. ESL denies the allegations in Paragraph 70 of the Complaint.

44. ESL denies the allegations noted in Paragraph "44" in the Complaint.

ESL denies each and every other allegation, conclusion, statement, request, prayer for relief or other provision contained in the Complaint not specifically admitted or controverted herein, including each and every separate paragraph of the "Wherefore" clauses contained in the Complaint.

## DEFENSES

ESL asserts the following defenses as additional or affirmative defenses. In asserting these defenses, ESL does not assume the burden of proof with respect to any issue as to which the applicable law puts the burden upon Plaintiff. ESL expressly reserves the right to assert any and all other defenses that may be determined to exist throughout the course of this Action.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Plaintiff and the putative class members are not entitled to recover under their claims for relief because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiff and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Standing)

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert claims in her own behalf or on behalf of the putative class members.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Plaintiff and the putative class members are barred from obtaining any relief because they knowingly and voluntarily waived the rights Plaintiff now attempts to assert.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Plaintiff and the putative class members are barred from obtaining any relief by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6. Plaintiff and the putative class members' recovery is limited or barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. Plaintiff and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8. Plaintiff and the putative class members' recovery is limited or barred due to their failure to mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

9. Plaintiff and the putative class members' claims are barred, in whole or in part, because ESL complied with all applicable laws and regulations.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff)

10. Plaintiff and the putative class members' recovery is limited or barred because they owe ESL money.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

11. Plaintiff and the putative class members' claims are barred, in whole or in part, because they acquiesced in the conduct complained of.

### **TWELFTH AFFIRMATIVE DEFENSE**

### **(Unjust Enrichment)**

12. Plaintiff and the putative class members' claims are barred, in whole or in part, because they have been unjustly enriched.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

### **(Voluntary Payment)**

13. Plaintiff and the putative class members' claims are barred, in whole or in part, under the voluntary payment doctrine.

### **FOURTEENTH AFFIRMATIVE DEFENSE**

### **(Reasonable Commercial Standards)**

14. Plaintiff and the putative class members' claims are barred, in whole or in part, because ESL acted in accordance with reasonable commercial standards.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

### **(Course of Dealing)**

15. Plaintiff and the putative class members are barred from challenging ESL's interpretation, application, and implementation of the terms and provisions of the contracts governing their accounts (including whether ESL's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because Plaintiff and the putative class members acquiesced in ESL's interpretation, application, and implementation of the contractual terms and provisions as a course of dealing, and benefited from ESL's interpretation, application, and implementation of the contractual terms and provisions.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

16. Plaintiff and the putative class members' claims are barred, in whole or in part, because they are preempted by federal law.

## RESERVATION OF RIGHTS

ESL expressly reserves its right to amend this Answer or allege additional affirmative defenses after conducting further discovery, investigation and research.

## PRAYER FOR RELIEF

**WHEREFORE**, ESL respectfully requests that:

1. Plaintiff have and recover nothing;

2. Any request for class certification be denied;

3. Judgment of dismissal be entered in favor of ESL and against Plaintiff;

4. ESL be awarded its costs and reasonable attorneys' fees as may be recoverable under claims asserted by Plaintiff; and

5. The Court award all other relief that the Court deems just and proper.

Dated: June 3, 2019

**NIXON PEABODY LLP**

By: /s/ Richard A. McGuirk
    Richard A. McGuirk, Esq.
    Franz M. Wright, Esq.

1300 Clinton Square
Rochester, New York 14604
(585) 263-1000
rmcguirk@nixonpeabody.com
*Attorneys for ESL Federal Credit Union*

>Stuart M. Richter, Esq. *(pro hac vice to be filed)*
>**Katten Muchin Rosenman LLP**
>2029 Century Park East, Suite 2600
>Los Angeles, CA 90067-3012
>stuart.richter@kattenlaw.com
>*Attorneys for ESL Federal Credit Union*

4828-5867-1768.1