UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN ROY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESL FEDERAL CREDIT UNION,<br><br>Defendant. | Civil Action No. 19-cv-6122 (FPG)<br><br>**CLASS ACTION** |

**DEFENDANT ESL FEDERAL CREDIT UNION'S RESPONSE TO FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant ESL Federal Credit Union ("ESL"), by its attorneys Katten Muchin Rosenman LLP (*pro hac vice*) and Nixon Peabody LLP, and as and for its answer and affirmative defenses to the First Amended Complaint ("FAC") of plaintiff Susan Roy ("Plaintiff"), hereby admits, denies, and alleges to the Court as follows:

**INTRODUCTION**

1. ESL admits that Plaintiff purports to bring a civil action seeking monetary damages, restitution, and declaratory relief, but denies that Plaintiff is entitled to such relief. ESL denies the remaining allegations in this paragraph.

2. ESL admits that Plaintiff purports to bring this action as a class action and that she purports to allege claims in her own right and as a class representative of others similarly situated. The theory alleged in subsection (a) was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required as to subsection (a). ESL denies the remaining allegations in this paragraph.

1

3. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

4. ESL denies the allegations in this paragraph.

5. ESL denies the allegations in this paragraph.

6. ESL denies the allegations in this paragraph.

7. ESL denies the allegations in this paragraph.

8. ESL denies the allegations in this paragraph.

9. ESL denies the allegations in this paragraph.

10. ESL denies the allegations in this paragraph.

11. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

12. ESL admits that Plaintiff purports to bring this action as a class action and that she purports to allege claims in her own right and as a class representative of others similarly situated. ESL further admits Plaintiff purports to seek damages, restitution, and injunctive relief, but denies that she is entitled to such relief. Except as expressly admitted, ESL denies the remaining allegations in this paragraph.

## JURISDICTION

13. ESL admits to statutory subject matter jurisdiction under the Class Action Fairness Act ("CAFA").

14. ESL admits the Court currently has personal jurisdiction over it with respect to this action. ESL further admits venue is proper.

## CLASS ACTION ALLEGATIONS

15. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

146124281

16. ESL admits that the FAC proposes six potential classes, and denies the remaining allegations.

17. This paragraph has no facts to admit or deny. To the extent a response is required, ESL denies the allegations in this paragraph.

18. ESL admits that the FAC purports to exclude from the proposed classes the noted exclusions, but denies knowledge or information sufficient to form a belief as to whether this is a proper case for class action status, and accordingly denies the same and puts Plaintiff(s) to her (their) strict proof thereon.

19. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

20. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

21. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

22. This paragraph, including its subparts, calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

23. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph. ESL also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

24. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

25. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

## PARTIES

26. ESL admits that Plaintiff has or had a checking account with ESL. As to the remaining allegations in this paragraph, ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations in this paragraph.

27. ESL admits that it is a credit union headquartered in Rochester, New York. It further admits that it has approximately $6.2 billion in assets and has branches located in New York. Except as expressly admitted, ESL lacks information to admit or deny, and on that basis denies the allegations in this paragraph.

28. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

29. ESL admits that one or more of its members resides in a state other than New York. Except as expressly admitted, ESL lacks information to admit or deny, and on that basis denies the allegations in this paragraph.

30. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### IV. EXAMPLES OF ESL'S IMPOSITION OF RI FEES ON MS. ROY

31. ESL denies the allegations in this paragraph.

32. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph

33. ESL denies the allegations in this paragraph.

34. ESL denies the allegations in this paragraph.

35. ESL denies the allegations in this paragraph.

36. ESL denies the allegations in this paragraph.

37. ESL denies the allegations in this paragraph.

38. ESL denies the allegations in this paragraph.

39. ESL denies the allegations in this paragraph.

40. ESL denies the allegations in this paragraph.

**V.    The Fee Schedule States ESL Will Be Charged $10 for Returned Items, Not $37**

41. This theory was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

42. This theory was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

43. This theory was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

44. This theory was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

**III.    ESL May Not Charge More Than One RI Fee Per Item**

45. ESL denies the allegations in this paragraph.

46. ESL denies the allegations in this paragraph.

47. ESL denies the allegations in this paragraph.

48. ESL denies the allegations in this paragraph.

49. ESL denies the allegations in this paragraph.

50. ESL denies the allegations in this paragraph.

51. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

5

146124281

52. ESL denies the allegations in this paragraph.

53. ESL denies the allegations in this paragraph.

54. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

55. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

56. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

57. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

58. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph.

59. ESL denies the allegations in this paragraph.

### IV. ESL Account Documents Promise That It Will Only Charge OD Fees on Transactions That Actually Overdraw An Account

60. ESL admits that its Account Agreement applies to Plaintiff's account, including whether ESL can charge fees. Except as admitted in this paragraph and as stated in the Account Agreement, ESL denies the allegations in this paragraph, including Plaintiff's characterization of the legal effect of the Account Agreement.

61. ESL denies the allegations in this paragraph.

62. ESL denies the allegations in this paragraph.

63. ESL denies the allegations in this paragraph.

64. ESL denies the allegations in this paragraph.

65. ESL lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in this paragraph

## V. Examples of ESL's Imposition of OD Fees on Ms. Roy

66. ESL denies the allegations in this paragraph.

67. ESL denies the allegations in this paragraph.

## VI. ESL Abuses Its Discretion

68. ESL denies the allegations in this paragraph. To the extent this paragragh alleges facts in support of Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim, this claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

69. ESL denies the allegations in this paragraph. To the extent this paragragh alleges facts in support of Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim, this claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

70. ESL denies the allegations in this paragraph. To the extent this paragragh alleges facts in support of Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim, this claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

71. ESL denies the allegations in this paragraph. To the extent this paragragh alleges facts in support of Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim, this claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

72. ESL denies the allegations in this paragraph. To the extent this paragragh alleges facts in support of Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim, this

claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

73. ESL denies the allegations in this paragraph. To the extent this paragragh alleges facts in support of Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim, this claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

74. ESL denies the allegations in this paragraph. To the extent this paragragh alleges facts in support of Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim, this claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

## FIRST CLAIM FOR RELIEF
### Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing
**(On Behalf of Plaintiff and the Classes)**

75. ESL repeats, re-alleges, and incorporates herein reference to its answers to paragraphs 1 through 74 above.

76. The first sentence of this paragraph calls for a legal conclusion to which no response is required. As to the remaining allegations, ESL denies.

77. ESL denies the allegations in this paragraph.

78. ESL denies the allegations in this paragraph.

79. This paragraph calls for a legal conclusion to which no response is required. Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

80. This paragraph calls for a legal conclusion to which no response is required. Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed in the

8

146124281

Court's September 30, 2020, Order. Accordingly, no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

81. Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

82. This theory was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

83. Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required.

84. ESL denies the allegations in this paragraph.

85. ESL denies the allegations in this paragraph.

86. ESL denies the allegations in this paragraph.

### SECOND CLAIM FOR RELIEF
### Violations of New York Consumer Protection Laws
### (On Behalf of Plaintiff and the New York Subclasses)

87. ESL repeats, re-alleges, and incorporates herein reference to its answers to paragraphs 1 through 86 above.

88. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, ESL denies the allegations in this paragraph.

89. ESL denies the allegations in this paragraph.

90. The theory alleged in subsection (a) was dismissed in the Court's September 30, 2020, Order. Accordingly, no response is required as to subsection (a). ESL denies the remaining allegations in this paragraph.

91. ESL denies the allegations in this paragraph.

92. ESL denies the allegations in this paragraph.

93. ESL denies the allegations in this paragraph.

ESL denies each and every other allegation, conclusion, statement, request, prayer for relief or other provision contained in the FAC not specifically admitted or controverted herein, including each and every separate paragraph of the "Wherefore" clauses contained in the FAC.

## DEFENSES

ESL asserts the following defenses as additional or affirmative defenses. In asserting these defenses, ESL does not assume the burden of proof with respect to any issue as to which the applicable law puts the burden upon Plaintiff. ESL expressly reserves the right to assert any and all other defenses that may be determined to exist throughout the course of this Action.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff and the putative class members are not entitled to recover under their claims for relief because the FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiff and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Standing)

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert claims in her own behalf or on behalf of the putative class members.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      Plaintiff and the putative class members are barred from obtaining any relief because they knowingly and voluntarily waived the rights Plaintiff now attempts to assert.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.      Plaintiff and the putative class members are barred from obtaining any relief by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.      Plaintiff and the putative class members' recovery is limited or barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.      Plaintiff and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8.      Plaintiff and the putative class members' recovery is limited or barred due to their failure to mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

9.      Plaintiff and the putative class members' claims are barred, in whole or in part,

because ESL complied with all applicable laws and regulations.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff)

10.     Plaintiff and the putative class members' recovery is limited or barred because they owe ESL money.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

11.     Plaintiff and the putative class members' claims are barred, in whole or in part, because they acquiesced in the conduct complained of.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

12.     Plaintiff and the putative class members' claims are barred, in whole or in part, because they have been unjustly enriched.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

13.     Plaintiff and the putative class members' claims are barred, in whole or in part, under the voluntary payment doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Commercial Standards)

14.     Plaintiff and the putative class members' claims are barred, in whole or in part, because ESL acted in accordance with reasonable commercial standards.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

### **(Course of Dealing)**

15. Plaintiff and the putative class members are barred from challenging ESL's interpretation, application, and implementation of the terms and provisions of the contracts governing their accounts (including whether ESL's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because Plaintiff and the putative class members acquiesced in ESL's interpretation, application, and implementation of the contractual terms and provisions as a course of dealing, and benefited from ESL's interpretation, application, and implementation of the contractual terms and provisions.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

### **(Preemption)**

16. Plaintiff and the putative class members' claims are barred, in whole or in part, because they are preempted by federal law.

## **RESERVATION OF RIGHTS**

ESL expressly reserves its right to amend this Answer or allege additional affirmative defenses after conducting further discovery, investigation and research.

## PRAYER FOR RELIEF

**WHEREFORE**, ESL respectfully requests that:

1. Plaintiff have and recover nothing;

2. Any request for class certification be denied;

3. Judgment of dismissal be entered in favor of ESL and against Plaintiff;

4. ESL be awarded its costs and reasonable attorneys' fees as may be recoverable under claims asserted by Plaintiff; and

5. The Court award all other relief that the Court deems just and proper.

Respectfully submitted,

Dated: October 14, 2020

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Stuart M. Richter*  
Stuart M. Richter (*pro hac vice*)  
Camille A. Cameron (*pro hac vice*)  
2029 Century Park East, Suite 2600  
Los Angeles, CA 90067-3012  
Telephone: (310) 788-4400  
Facsimile: (310) 788-4471  
stuart.richter@katten.com  
camille.cameron@katten.com

**NIXON PEABODY LLP**  
Richard A. McGuirk  
Franz M. Wright  
**Nixon Peabody LLP**  
1300 Clinton Square  
Rochester, New York 14604  
Telephone: (585) 263-1000  
Facsimile: (585) 263-1600  
fwright@nixonpeabody.com  
rmcguirk@nixonpeabody.com

*Attorneys for ESL Federal Credit Union*

146124281