UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUSAN ROY,

                                    Plaintiff,

                                                        Case # 19-CV-6122-FPG

v.

                                                        DECISION AND ORDER

ESL FEDERAL CREDIT UNION,

                                    Defendant.

## INTRODUCTION

Plaintiff Susan Roy brought this putative class and collective action against Defendant ESL Federal Credit Union. ECF Nos. 1, 30.  On February 16, 2021, Roy sought provisional certification of a proposed settlement class; preliminary approval of a settlement; appointment of herself as class representative and several of her attorneys as class counsel; approval of a proposed notice to putative class members, proposed notice program, and proposed opt-out and objection procedures; a stay of the action against ESL; and scheduling of a final approval hearing for the class settlement. ECF No. 64.  The motion was unopposed by ESL.  *Id.*  On June 17, 2021, the Court issued a Decision and Order denying Roy's motion without prejudice to renew.

Presently before the Court is Roy's renewed motion.  ECF No. 68.  For the reasons set forth below, Roy's motion is GRANTED, and the Court has memorialized its rulings in the Order below.

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and the full record of prior proceedings in this matter.[1]  In its June 17, 2021, Decision and Order, the Court stated its reasons for denying Roy's motion and directed Roy to address the Court's concerns in the event

---

[1] A thorough recounting of the background of this case is set out in the Court's prior Decision and Order, ECF No. 65, dated June 17, 2021.

she filed a renewed motion.  The Court now considers whether Roy's renewed motion has adequately addressed the Court's directives.

## I.      Conditional Class Certification

With respect to conditional class certification, the Court previously considered the prerequisites of Rule 23(a) and whether the Court could find that it likely would be able to certify a settlement class.  ECF No. 65 at 5.  In doing so, the Court noted that the proposed class appeared to meet the numerosity, commonality, and typicality requirements.  *Id.*

However, the Court found that the adequacy requirement was not satisfied.  *Id.* at 6. "[A]dequacy of representation is measured by two standards.  First, class counsel must be qualified, experienced and generally able to conduct the litigation.  Second, the class members must not have interests that are antagonistic to one another."  *Spencer v. No Parking Today, Inc.*, No. 12-CV-6323, 2013 WL 1040052, at *17 (S.D.N.Y. Mar. 15, 2013).

In considering the first standard, the Court found that attorneys Jeff Ostrow, Jonathan M. Streisfeld, Sophia Gold, and Andrea Gold were capable of adequately representing the proposed class, while Jeffrey Kaliel was not.  The Court noted that Kaliel "has not filed an appearance in this matter, and Roy has provided no authority that an attorney who has not appropriately appeared in this litigation may serve as class counsel."  ECF No. 65 at 6.  To date, Kaliel has not filed a notice of appearance.

In her renewed motion, Roy only requests that the following attorneys be appointed as class counsel: Jeff Ostrow and Jonathan Streisfeld of Kopelowitz Ostrow P.A., Sophia Gold of Kaliel PLLC, and Andrea Gold of Tycko & Zavareei LLP.  ECF No. 68 at 2.  Therefore, Kaliel's failure to appeal is no longer at issue because Roy no longer requests Kaliel be appointed as class counsel, *see* ECF No. 68-1 at n.4, and the Court previously found that it is likely to find that Ostrow,

Streisfeld, S. Gold, and A. Gold are capable of adequately representing the proposed class.  ECF No. 65 at 6.

Turning to the second adequacy standard, the Court previously found that Roy's adequacy as class representative had not been established for several reasons.  *Id.* at 7.  First, the Court noted that the settlement agreement called for distribution of the settlement fund to two separate "classes" of individuals: those who were charged Sufficient Funds Fees and those who were charged Retry Fees.  ECF No. 65 at 7.  At that time, Roy had not requested certification of two distinct subclasses, but rather had requested certification of a single settlement class.  *Id.*  Thus, the Court raised the issue of potential divergent issues among the proposed class.  *Id.*  Roy has ameliorated this concern in her renewed motion.  The new proposed settlement agreement defines two separate classes—a Retry Fee Class and a Sufficient Funds Fee class.  ECF No. 68-1 at 32.

Furthermore, Roy has addressed the Court's concern that there was a lack of "justification for the discrepancy in the treatment of Settlement Fund distribution to compensate paid Sufficient Funds Fees and Retry Fees."  ECF No. 65 at 10.  Indeed, Class Counsel has now provided "credible justification" for the distribution.  *Id.*  The allocation "is tied directly to the amount of such fees allegedly wrongfully assessed by ESL, i.e. the damages to each class from the distinct applicable challenged fee assessment practice."  ECF No. 68-1 at 33.  Roy's renewed motion also clarifies that she "is an adequate representative of each class because she was charged allegedly unlawful Retry Fees like all other Retry Fee Class members, and was charged allegedly unlawful Sufficient Funds Fees like all other Sufficient Funds Fee members.  *Id.*  Roy further explains that the claims for each class "do not materially differ in their strength" and "the equal strength of the claims also means that the interests of the Retry Fee Class members and Sufficient Funds Fee Class members

do not diverge as to the distribution of the allocated Settlement Fund or the forgiveness of Uncollected Retry Fees and Uncollected Sufficient Funds Fees." *Id.* at 34.

Based on these additional facts, and the case law cited in Roy's briefing, the Court is satisfied that the adequacy element of Rule 23(a) has been met.

## II.     Settlement's Fairness

In considering the settlement's fairness, the Court's prior Decision and Order found that "the opacity regarding the distribution of the Settlement Fund prevents the Court from finding that the settlement is sufficiently fair at this preliminary stage."   ECF No. 65 at 12-13.   In short, Plaintiff's briefing and revised settlement agreement have addressed the Court's concerns and have clarified the manner in which distribution shall occur.  *See* ECF No. 68-1 at 28.  Accordingly, Roy has now established that the Court would likely be able to grant final approval of the settlement.

## III.    Adequacy of Notice

In analyzing the notice that would be provided to class members, the Court previously found that, while "[t]he short form notice reasonably apprises class members of key information regarding the settlement, their options to object or opt-out of the settlement, and the deadlines for doing so[,] . . . [t]he long form notice, however, is lacking in several key respects."  ECF No. 65 at 22.

Specifically, the Court advised Roy that (1) "the long from notice does not explain how individual payments will be calculated and merely refers prospective class members to the settlement agreement"; and (2) "the long form notice does not explain that settlement class members may enter an appearance via counsel."  *Id* at 22.  In addition, the Court took issue with the "onerous objection procedure agreed to by the parties," and highlighted a list of minor typographical issues the parties should correct.  *Id.* at 22-23.

Roy has adequately addressed each of the Court's concerns.  First, the revised long form notice now provides a detailed explanation regarding how the payments to Settlement Class Members will be calculated and made.  Specifically, rather than simply refer notice recipients to the settlement agreement, the long notice form now details in a straightforward manner exactly how the pro rata calculations will be made to members of each class.  ECF No. 68-1 at 36.  The long form notice also provides contact information for the Settlement Administrator and proposed Class Counsel.  *Id.*

Second, Roy's renewed motion significantly narrows the relevant objection criteria.  The only requirements now are as follows:

> (1) the name of this action and the objector's full name, address, and telephone number; (2) all grounds for the objection; (3) the identity of all counsel (if any) representing the objector who prepared the objection and/or will appear at the Final Approval Hearing; (4) a statement confirming whether the objector will personally appear and/or testify at the Final Approval Hearing; and (5) the objector's signature (an attorney's signature is not sufficient).

*Id.* at 37.  Furthermore, as requested by the Court, "objectors need only file their objections with the Clerk of Court" rather than send their objections to six separate addresses.  ECF No. 65 at 23; ECF No. 68-1 at 37.

Finally, Roy's renewed motion and the materials submitted in support have corrected the minor typographical issues.  ECF No. 68-1 at 36.  Accordingly, based on the analysis above, Roy's motion is GRANTED.

**ORDER**

WHEREAS, Plaintiff in the above-captioned class Action has applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Settlement Agreement and Releases entered into between Plaintiff Susan Roy, individually and on behalf of the proposed Retry Fee Class and Sufficient Funds Fee Class, and Defendant ESL Federal Credit Union, dated July 15, 2021, and this Court having reviewed the Agreement as submitted to the Court with the Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval").

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1. The Court finds that the Agreement proposed by the Parties is fair, reasonable, and adequate and likely to be approved at a final approval hearing such that giving notice is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein. The Settlement meets the considerations set forth in the amended Rule 23(e), as well as City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974).

2. The Settlement was negotiated with the assistance of neutral Mediator Simeon H. Baum, Esq., and appears to be the result of extensive, arm's length negotiations between the Parties after Class Counsel and Defendant's Counsel had investigated the claims, sufficiently litigated the

claims, and became familiar with the strengths and weaknesses of the claims. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3. The Court finds that it will likely certify at the final approval stage the Retry Fee Class and the Sufficient Funds Fee Class for purposes of the Settlement only, consisting of:

**Retry Fee Class.** All current and former members of Defendant who were assessed Retry Fees.

**Sufficient Funds Fee Class.** All current and former members of Defendant who were assessed Sufficient Funds Fees.

Excluded from the Retry Fee Class and Sufficient Funds Fee Class is Defendant, its parents, subsidiaries, affiliates, officers and directors; all Retry Fee Class and Sufficient Funds Fee Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

4. The Class Period is January 1, 2016 to October 31, 2019 for both the Retry Fee Class and the Sufficient Funds Fee Class.

5. The Court finds that the Retry Fee Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) in that: (a) the number of Retry Fee Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Retry Fee Class members; (c) the claims of the Class Representative are typical of the claims of the Retry Fee Class members; (d) the Class Representative is an adequate representative for the Retry Fee Class, and has retained experienced counsel to represent her as Class Counsel; (e) the questions of law and fact common to the Retry Fee Class members predominate over any questions affecting any individual Retry Fee Class member; and (f) a class action is superior to the other available

methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Retry Fee Class.

6. The Court finds that the Sufficient Funds Fee Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) in that: (a) the number of Sufficient Funds Fee Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Sufficient Funds Fee Class members; (c) the claims of the Class Representative are typical of the claims of the Sufficient Funds Fee Class members; (d) the Class Representative is an adequate representative for the Sufficient Funds Fee Class, and has retained experienced counsel to represent her as Class Counsel; (e) the questions of law and fact common to the Sufficient Funds Fee Class members predominate over any questions affecting any individual Sufficient Funds Fee Class member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Sufficient Funds Fee Class.

7. For purposes of the Settlement only, the Court finds and determines that it will likely find at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that Plaintiff Susan Roy will fairly and adequately represent the interests of the Retry Fee Class in enforcing their rights in the Action, and therefore appoints her as the Class Representative.

8. For purposes of the Settlement only, the Court finds and determines that it will likely find at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that

Plaintiff Susan Roy will fairly and adequately represent the interests of the Sufficient Funds Fee Class in enforcing their rights in the Action, and therefore appoints her as the Class Representative.

9. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of both the Retry Fee Class and Sufficient Funds Fee Class and the Class Representative with respect to the Settlement:

> Jeff Ostrow, Esq.
> Jonathan M. Streisfeld, Esq.
> KOPELOWITZ OSTROW P.A.
> 1 West Las Olas Blvd.
> Suite 500
> Fort Lauderdale, FL 33301
>
> Sophia G. Gold, Esq.
> KALIEL GOLD PLLC
> 1875 Connecticut Ave. NW
> 10th Floor Washington, DC 20009
>
> Andrea Gold, Esq.
> TYCKO & ZAVAREEI LLP
> 1827 L St. NW Suite 1000
> Washington, DC 20036

10. Angeion Group is appointed as Settlement Administrator and shall administer the Notice Program. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

11. Pursuant to the 2018 amendment to Federal Rule Civil Procedure 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because: (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any

proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

12. Having reviewed the proposed Notice Program, including the Email Notice, Postcard Notice, and the Long Form Notice submitted by the Parties as Exhibits 1 and 2 to the Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the Retry Fee Class and Sufficient Funds Fee Class as to the proposed Settlement, the Final Approval Hearing, and the rights of the members of the Retry Fee Class and Sufficient Funds Fee Class. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the class definitions, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

13. The Court directs the Settlement Administrator to cause a copy of the Email Notice or Postcard Notice to be sent to all Retry Fee Class and Sufficient Funds Fee Class members in accordance with the Notice Program. The Notice Program (including the Notice re-mailing process) shall be completed before the filing of the Motion for Final Approval.

14. The Email Notice, Postcard Notice, and Long Form Notice shall be updated by Class Counsel and Defendant to include the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court herein. The Court finds and determines Email Notice and Postcard Notice pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set

forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

15. Any person falling within the definition of the Retry Fee Class and/or Sufficient Funds Fee Class may, upon request, be excluded or opt-out. In the event a Retry Fee Class and/or Sufficient Funds Fee Class member wishes to be excluded and not to be bound by this Agreement, that person must sign and mail a notice of intention to opt-out to the Settlement Administrator. The notice must be postmarked on or before the last day of the Opt-Out Period and must include the name of this Action; the Account Holder's name, address, telephone number, and email address; the last four digits of the member number(s) or former member number(s); and a clear request that the individual would like to opt-out or be excluded, by use of those or other words clearly indicating a desire to no longer participate in the Settlement. Any member of the Retry Fee Class or Sufficient Funds Fee Class who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the Retry Fee Class and/or Sufficient Funds Fee Class, will not become a Settlement Class Member, will not have any rights under the Settlement, will not be entitled to receive a Settlement Class Member Payment and/or forgiveness of Uncollected Relevant Fees, and will not be bound by the Agreement or the Final Approval Order. Any members of the Retry Fee Class or Sufficient Funds Fee Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Agreement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement. If an Account has more than one Account Holder, and if one Account Holder excludes himself or herself from the Retry Fee Class and/or Sufficient Funds Fee Class, then all Account Holders on

that account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Account Holder shall be entitled to a payment under the Settlement.

16. Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and costs, or a Service Award for the Class Representative, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Retry Fee Class and/or the Sufficient Funds Fee Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement Class Member or other person will be heard on such matters unless they have mailed via U.S. Mail or private courier (e.g., Federal Express) a written objection (together with any briefs, papers, statements, or other materials that the Settlement Class Member or other person wishes the Court to consider) to the Clerk of the Court on or before the last day of the Opt-Out Period, as set forth in the Notices. Any objection must state: (a) the name of the Action; (b) the objector's full name, address and telephone number; (c) all grounds for the objection, (d) the identity of all counsel (if any) representing the objector who prepared the objection and/or will appear at the Final Approval Hearing; (e) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing, and (f) the objector's signature (an attorney's signature is not sufficient).

17. Any Settlement Class Member who does not make his or her objection in the manner and by the date set forth in this Order shall be deemed to have waived any objections and shall be

forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

18. Prior to the Final Approval Hearing, the Settlement Administrator (i) shall submit a declaration or affidavit to the Court confirming that the Notice Program was completed and providing the names of each Retry Fee Class member and Sufficient Funds Fee Class member who timely and promptly requested exclusion from the Retry Fee Class and/or Sufficient Funds Fee Class and (ii) provide notice of this Settlement as required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

19. All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

20. Upon the entry of this Order, the Class Representative and all members of the Retry Fee Class and Sufficient Funds Fee Class shall be provisionally enjoined and barred from asserting any claims against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as whether to grant Final Approval of the Settlement.

21. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Defendant of any liability or wrongdoing by Defendant or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the conduct alleged in the Action or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the conduct alleged in the

Action. Defendant may file the Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. In the event that (a) this Court does not grant Final Approval of the Settlement as provided in the Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement does not become final for any other reason, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be vacated nunc pro tunc. In such a case, the Parties shall proceed in all respects as if the Agreement had not been executed and the Parties shall in no way be prejudiced in proceeding with or defending this Action, the provisional class certification effected herein will be null and void, and Defendant shall have the right to oppose and object, on any and all grounds, to certification of the Retry Fee Class and Sufficient Funds Fee Class or any other class at any future time.

23. For the benefit of the Retry Fee Class and Sufficient Funds Fee Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

24. Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further

approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

25. A Final Approval Hearing will be held in the Courtroom of The Honorable Frank P. Geraci, Jr., United States District Court for the Western District of New York, 100 State Street, Rochester, New York 14614 on **May 24, 2022 at 11:00a.m.**, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Retry Fee Class and Sufficient Funds Fee Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Class Representative; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Retry Fee Class and Sufficient Funds Fee Class. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Retry Fee Class and Sufficient Funds Fee Class. The Parties must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Class Representative, no later than 45 days before the date set forth herein for the Final Approval Hearing.

26. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

27. The Court hereby sets the following schedule of events:

| Event | Calendar |
|---|---|
| Notice Program Complete (including Initial Mailed Notice and the Notice Re-Mailing Process) | March 25, 2022 (60 days before Final Approval Hearing) |
| Motion for Final Approval, Application for Attorneys' Fees, Expenses and Costs, and for a Service Award | April 9, 2022 (45 days before Final Approval Hearing) |
| Opt-Out Deadline | April 24, 2022 (30 days before Final Approval Hearing) |
| Deadline to Submit Objections | April 24, 2022 (30 days before Final Approval Hearing) |
| Deadline to Respond to Objections | May 9, 2022 (15 days before Final Approval Hearing) |
| Final Approval Hearing | May 24, 2022 at 11:00am |

IT IS SO ORDERED.

Dated:  January 26, 2022
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York