UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUSAN ROY, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

ESL FEDERAL CREDIT UNION,

    Defendant.

CASE NO. 6:19-cv-06122-FPG-JWF

**FINAL APPROVAL ORDER APPROVING
CLASS ACTION SETTLEMENT AND GRANTING APPLICATION
FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARD**

WHEREAS, the Parties in the above-captioned class Action entered into a Revised Settlement Agreement and Releases, dated July 15, 2021;

WHERAS, the Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees and Costs and Service Award was filed on April 9, 2022 (ECF No. 74);

WHEREAS on January 26, 2022, the Court entered a Preliminary Approval Order that inter alia: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Rules 23(a) and 23(b)(3); (iii) appointed Plaintiff Susan Roy as Class Representative; (iv) appointed Jeff Ostrow and Jonathan Streisfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Sophia Gold of KalielGold PLLC, and Andrea Gold of Tycko & Zavareei, LLP as Class Counsel; (v) approved the form and manner of the Notice Program; and (vi) set a hearing date to consider Final Approval of the Settlement (ECF No. 69);

WHEREAS, Notice was provided to all persons identified in the Retry Fee Class and Sufficient Funds Fee Class member list in accordance with the Court's Preliminary Approval Order by individual email and/or mailings to all persons in those classes who could be reasonably identified;

1

WHEREAS, a notice of Settlement was mailed first on February 26, 2021, and again on August 6, 2021, to governmental entities as provided for in 28 U.S.C. § 1715;

WHEREAS, on May 24, 2022, at 11:00 a.m., at the United States District Court for the Western District of New York, 100 State Street, Rochester, New York 14614, The Honorable Frank P. Geraci, Jr. held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider the application of Class Counsel for attorneys' fees and costs and for a Service Award for the Class Representative; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

IT IS HEREBY ORDERED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Settlement Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. The Notice provided to the members of the Retry Fee Class and Sufficient Funds Fee Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

5. The Court hereby finally certifies the Retry Fee Class and the Sufficient Funds Fee Class for purposes of the Settlement only, consisting of:

**Retry Fee Class.** All current and former members of Defendant who were assessed Retry Fees.

**Sufficient Funds Fee Class.** All current and former members of Defendant who

2

were assessed Sufficient Funds Fees.

Excluded from the Retry Fee Class and Sufficient Funds Fee Class is Defendant, its parents, subsidiaries, affiliates, officers and directors; all Retry Fee Class and Sufficient Funds Fee Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

6. The Class Period is January 1, 2016 to October 31, 2019 for both the Retry Fee Class and the Sufficient Funds Fee Class.

7. No members of the Retry Fee Class or Sufficient Funds Fee Class have opted-out of or objected to the Settlement.

8. The Settlement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representative and Defendant to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no opt-outs or objections to the Settlement, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

9. The distribution plan proposed by the Parties is fair, reasonable, and adequate.

10. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

11. Because the Court approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

12. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

13. The Court reaffirms the appointment of Plaintiff as Class Representative.

14. The Court reaffirms the appointment of Class Counsel listed in the Agreement and approved in the Preliminary Approval Order.

15. The Court reaffirms the appointment of the Settlement Administrator.

16. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that: (1) the number of Settlement Class Members in each of the Retry Fee Class and Sufficient Funds Fee Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Retry Fee Class and Sufficient Funds Fee Class; (3) the claims of the Class Representative are typical of the claims of the members of the Retry Fee Class and Sufficient Funds Fee Class; (4) the Class Representative is an adequate representative for the Retry Fee Class and Sufficient Funds Fee Class, and has retained experienced counsel to represent her; (5) the questions of law and fact common to the members of the Retry Fee Class and Sufficient Funds Fee Class predominate over any questions affecting any individual member of those classes; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

18. The Releasing Parties hereby fully and irrevocably release and forever discharge Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action relating to the assessment of Sufficient Funds Fees and Retry Fees.

19. The Class Representative and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released Claims

against any of the Released Parties.

20. If, consistent with the plan of distribution set forth in the Settlement Agreement, any Residual Funds exist after the first distribution, the residue will go to the Jump$tart Coalition for Personal Financial Literacy as *cy pres* beneficiary.

21. The Court hereby decrees that neither the Settlement Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

22. Class Counsel is awarded attorneys' fees in the amount of **$610,246.68** and costs in the amount of **$60,665.86**, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court concludes that the attorneys' fees awarded to Class Counsel meets with the requirements of *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), in all respects.

23. The Class Representative is awarded a Service Award of **$5,000.00**, such amount to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

24. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

25. In the event that the Effective Date of the Settlement Agreement, does not occur, the

5

Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

26. The Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

27. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: May 24, 2022

Honorable Frank P. Geraci, Jr.
UNITED STATES DISTRICT JUDGE